# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

NELSON CARREIRO AND ALL THOSE
SIMILARLY SITUATED,
Plaintiffs

v.                                                    C.A. NO.

DAVE MATTHEWS CONSTRUCTION,
INC. AND DAVE MATTHEWS,
Defendants

## PARTIES

1.      The Plaintiff, Nelson Carreiro, is a resident of New Bedford, Bristol County,

Commonwealth of Massachusetts.

2.      The Defendant, Dave Matthews Construction, Inc. ("Defendant Matthews

Construction"), is a corporation duly organized under the laws of the Commonwealth of

Massachusetts, having a usual place of business in Raynham, Bristol County, Commonwealth of

Massachusetts.

3.      The Defendant, Dave Matthews ("Defendant Matthews"), is a resident of

Raynham, Bristol County, Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

4.      Defendant Matthews Construction is engaged in the construction business in

Massachusetts and Rhode Island.  Defendant Dave Matthews is the President of Matthews

Construction, and exercises authority over all aspects of its operations, including setting the

hours of work of its employees, making their job assignments, and paying their wages.

1

Defendant Matthews Construction is engaged in interstate commerce and has gross sales volume in excess of $500,000 annually.

5.      During all times relevant herein, the named Defendant Matthews Construction and Defendant Matthews collectively acted as a joint or single employer subject to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., G.L. c. 151, §§ 1A and 1B; G.L. c. 149, § 148 and 150; and G.L. c. 149, § 148B, and all administrative regulations interpreting those laws, cited herein, or otherwise.  Defendants, therefore, were required to compensate Plaintiff and Members of the Class in accordance with the requirements imposed on employers by those laws.  Liability for violations of the FLSA and Massachusetts wage laws cited herein may be imposed against all of the Defendants, including Matthews in his individual capacity.  Hereinafter, Defendant Matthews Construction and Defendant Matthews will be referred to collectively as "Defendants."

6.      Defendants employ Plaintiff as a carpenter and other individuals to work as carpenters or as laborers in building construction.  Such individuals Defendants have employed from May 1, 2008 to the date Defendants comply with the Fair Labor Standards Act will hereinafter be referred to as "the Class", "Members of the Class", or "Class Members".  The period from May 1, 2008 to the date of FLSA compliance will be hereinafter referred to as the "Class Period."

7.      During the Class Period, Defendants established the regular hours of work of Plaintiff and Members of the Class as Monday through Friday, 7 a.m. to 4:30 p.m.  Hereinafter, this schedule shall be referred to as "the regular hours of work" of Plaintiff and Members of the Class.

2

8.      Plaintiff and Members of the Class, however, often worked for Defendants beyond their regular hours of work on a daily basis on weekdays, and worked for Defendants beyond their regular hours of work on Saturdays and Sundays.  Between Sunday and Saturday in multiple workweeks during the Class Period, therefore, Plaintiff and Members of the Class performed work for Defendants in excess of 40 hours.

9.      Throughout the Class period, Defendants have paid Plaintiff and similarly situated employees straight time wages for what Defendants quantify as 40 hours of work for their regular hours of work.  Defendants made these payments in paychecks reflecting normal payroll deductions for state and federal taxes.  Defendants have issued Plaintiff and Members of the Class W-2 forms reflecting this method of payment.  (Plaintiff's W-2 form is attached hereto as Exhibit 1.)

10.     For hours worked in excess of their regular hours of work, however, Defendants pay Plaintiff and Members of the Class straight time wages, without withholdings, as though they are independent contractors.  Defendants have provided Plaintiff and Members of the Class form 1099s reflecting such payments.  (Plaintiff's form 1099 for 2010 is attached hereto as Exhibit 2.)

11.     In violation of Mass. General Law c. 149, § 100 Defendants do not permit Plaintiff and Members of the Class an uninterrupted break of not less than a half hour for meal breaks for work shifts lasting more than six hours.  Despite this, Defendants automatically deduct a half hour of time from the daily workdays of Plaintiff and Members of the Class for meal breaks. (Hereinafter, this will be referred to as Defendants' "meal break deduction policy.") Thus, although Plaintiff and Members of the Class were required to work for 7:00 a.m. to 3:30 p.m., Defendants consider Plaintiff and Members of the Class to have worked just 8 hours, and

not 8.5 hours.  Defendants' meal break deduction policy is unlawful.  The half hour Defendants

have deducted must be considered compensable time worked.

## JURISDICTION AND VENUE

12.    This Court has jurisdiction over the subject matter of Count I pursuant to 28

U.S.C. §1331 and 29 U.S.C. §216(b).

13.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b).  The Plaintiff is a

resident of this district, and Defendants regularly conduct business in this district.  In addition, a

substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this

district.

14.    Plaintiff brings this action as a collective action pursuant to 29 U.S.C. §216(b), on

behalf of Plaintiff and Members of the Class employed during the Class Period.

15.    Plaintiff and Members of the Class are similarly situated employees because they

all perform the same basic duties and assignments, and are all subject to the Defendants'

common policy and practice of failing to pay their employees overtime compensation for all

hours they worked over forty in any given workweek.

16.    Defendants have since at least May 1, 2008, willfully violated the Fair Labor

Standards Act, 29 U.S.C. § 207(a)(1) by failing to pay Plaintiff and the Class time and one-half

their regular rate of pay for all hours worked in excess of forty per week.

17.    Affixed hereto as Exhibit 3 is Plaintiff's FLSA Consent form stating his consent

to bring his claims as a collective action under 29 U.S.C. § 216(b).

### COUNT II
### VIOLATION OF FLSA OVERTIME PROVISIONS
### 29 U.S.C. § 207(a)(1)

18.    Plaintiff incorporates all allegations in this Complaint by reference.

19.     Under the FLSA, 29 U.S.C. § 207(a)(1), a covered employer must pay a covered employee 1.5 times his regular rate of pay for all hours he works in excess of 40 in his workweek.

20.     In violation of 29 U.S.C. § 207(a)(1), Defendants do not pay Plaintiff or Members of the Class 1.5 times their regular rate of pay for all hours worked in excess of 40 in their workweeks.  For the hours Defendants do account for Plaintiffs and Members of the Class as having worked in excess of 40 in their workweeks, Defendants pay Plaintiff and Members of the Class straight time wages instead of 1.5 times their regular rate of pay.  In addition, Defendants do not pay Plaintiffs overtime wages on the basis of all hours worked in their workweeks, because they unlawfully deduct .5 hours from the pay of Plaintiff and Members of the Class for meal breaks, notwithstanding that Defendants do not permit Plaintiff and Members of the Class a break of at least .5 hours.

**COUNT III**
**MASSACHUSETTS CLASS ACTION ALLEGATIONS**

21.     As specifically authorized by G.L. c. 151, § 1B, and G.L. c. 149, § 150, Plaintiff brings this action as a Class Action pursuant to Fed. R. Civ. P. Rule 23 and the Class for the Class Period.

22.     During the Class Period, Plaintiff and Members of the Class have been similarly situated because they perform construction labor for the Defendants, and because Defendants have uniformly deprived them of overtime compensation due them under G.L. c. 151, § 1A. The terms and conditions of the named Plaintiffs' employment and those of the Class, including their wages and other forms of remuneration, are now and have previously been established through standard and uniformly applied wage schedules formulated by Defendants.

23.     Plaintiffs are currently unaware of the identities of all members of the Class.  On information and belief, more than 20 people have been employed as laborers during the applicable limitations period for a claim under G.L. c. 151, so joinder of all members of the Class is impracticable.

24.     There are numerous common questions of law and fact in this claim, including whether Defendants illegally deprived the Massachusetts Class of overtime under G.L. c. 151.

25.     The claims of Plaintiff are typical of the claims of the Class because Defendants' illegal pay practices applied uniformly to Plaintiffs and all class members.  Moreover, Defendants' defense of its uniform practices will be the same for each individual, and not determined on a case by case basis.

26.     Plaintiffs have retained counsel experienced in class action litigation and, in particular, litigating claims under state and federal wage laws.

27.     The prosecution of separate actions against Defendants under Massachusetts law would create a risk of inconsistent or varying adjudications with respect to Plaintiffs and the individual members of the Class that would establish incompatible standards for Defendants.  In addition, adjudications with respect to individual members of the Class could as a practical matter be dispositive of the interests of the other members of the Class not parties to such adjudications, or could substantially impede or impair their ability to protect their interests.

28.     Questions of law and fact common to the Class predominate over any questions affecting only individual members of that Class.  A class action is therefore superior to other available methods for the fair and efficient adjudication of the controversy.  All of the facts material to resolving the common legal questions about whether Defendants have failed to include the meal break as time worked for overtime purposes are common to all members of the

Class.  Facts that may not be common to this Class are immaterial to resolving the common legal

question as to whether Defendants have violated G.L. c. 151 by underpaying overtime.  Common

issues predominate over any individual questions.  There will be no difficulty managing the case

as a class action.

## COUNT IV
## VIOLATION OF THE MASSACHUSETTS OVERTIME LAW

29.    Plaintiff and Members of the Class incorporate by reference all other allegations

made in this Complaint.

30.    The Massachusetts Overtime Law, G.L. c. 151, §§ 1A and 1B requires overtime

to be paid at 1.5 times a covered employee's regular rate of pay for all hours worked in excess of

40 in a workweek.

31.    Defendants have violated the Massachusetts Overtime law by failing to pay

Plaintiff and Members of the Class 1.5 times the regular rate of pay for all hours worked in

excess of 40 in their workweeks.

32.    Plaintiff and Members of the Class have been harmed, injured and damaged by

Defendant's violation of G.L. c. 151, §§ 1A and 1B.

## COUNT V
## VIOLATION OF G.L. c. 148, § 148B

33.  Plaintiffs re-allege and incorporate the above allegations.

34.  The Defendants have violated G.L. c. 148, § 148B by misclassifying Plaintiffs and

similarly situated employees as independent contractors.

35.  Plaintiffs have been harmed, injured, and damaged by Defendants' violation of the

FLSA.

7

## COUNT VI
## UNJUST ENRICHMENT

36.     Plaintiffs re-allege and incorporate the above allegations.

37.     As alleged herein, Defendants knowingly and intentionally did not pay Plaintiffs and Members of the Class their hourly rate for all hours worked, and did not pay them one and one-half times that hourly rate for all overtime hours worked.

38.     As a direct and proximate result of Defendants' conduct as alleged herein, Plaintiffs and Members of the Class have been deprived of the compensation to which they are entitled for work they have performed for Defendants. Those unpaid wages remain in Defendants' possession and control. As a result, Plaintiffs and Members of the Class have conferred a substantial monetary benefit upon Defendants, which Defendants knew of and appreciated, accepted, and retained.

39.     By way of Defendants' conduct, as alleged herein, Defendants have been unjustly enriched, in an amount yet to be determined, at the detriment of Plaintiffs and Members of the Class, to the extent Defendant failed to pay, and indeed kept, wages due to Plaintiffs and Members of the Class. As such, Defendants' acceptance and retention of the monetary benefit alleged herein has occurred under circumstances which make it inequitable if a restitution payment is not made to Plaintiffs and Members of the Class and if Defendants are not ordered to disgorge their ill-gotten profits derived from its failure to pay wages as alleged herein.

**CLAIMS FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that the Court:

A.   Certify that Plaintiffs may maintain this action as a representative action under G.L. c. 151, § 1B, and/or Mass. Rule Civ. P. Rule 23.

B.   Certify that Plaintiffs may maintain this action as a collective action under 29 U.S.C. 216(b);

C.   Award Plaintiffs and Members of the Class against the Defendants in the amount of unpaid overtime wages, trebled, to be calculated in accordance with G.L. c. 151, §§1A and 1B;

D.   Award Plaintiffs and Members of the Class damages against the Defendants in the amount of lost wages and other benefits, trebled, to be calculated in accordance with G.L. c. 149, §§ 148 and 150;

E.   Award Plaintiffs and Members of the Class damages against the Defendants in the amount of their unpaid wages;

F.Award Plaintiffs and Members of the Class damages in the amount of lost wages, trebled, to be calculated in accordance with G.L. c. 151, §§ 1, 20.

G.   Award Plaintiffs and Members of the Class damages against the Defendants in the amount of unpaid overtime wages, and liquidated damages, their attorney's fees expenses, in accordance with 29 U.S.C. § 207(a)(1) and 29 U.S.C. § 216(b);

H.   Award Plaintiffs damages for Defendant's misclassification of them as independent contractors;

I. Enter an award of restitution to Plaintiffs and Members of the Class and order disgorgement by Defendants of all ill-gotten profits related to the conduct alleged herein;

J. Award Plaintiffs and store clerks pre-judgment interest on any and all awards;

K.  Award Plaintiffs his reasonable attorney's fees and the costs of the litigation, including any reasonable accountants' or experts' fees;

L.   Enter an injunction ordering the Defendants to refrain from engaging in the unlawful conduct described herein and to take all necessary measures to ensure that they are in compliance with such injunction; and

M.  Grant Plaintiffs and the store clerks such other and further relief as the Court may deem just and proper.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

Respectfully submitted,

PLAINTIFF NELSON CARREIRO AND ALL THOSE SIMILARLY SITUATED.

By their attorney,

s/Daniel W. Rice
Daniel W. Rice, BBO # 559269
GLYNN, LANDRY & RICE, LLP
639 Granite Street, Suite 203
Braintree, MA 02184
(781) 849-8479

Dated:  May 1, 2011